UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL Y., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:20-cv-00090-BAT <br><br> **ORDER REVERSING AND REMANDING** |

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found degenerative disc disease, major depressive disorder and anxiety disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; and Plaintiff cannot perform past work but is not disabled because there are other jobs he can perform. Tr. 73-86. Plaintiff contends the Court should remand the case and direct the Commissioner to clarify his sitting or standing abilities, obtain additional Vocational Expert (VE) testimony to address whether Plaintiff can perform the jobs cited by the ALJ, and reassess the opinions of Edwin Malijan, RPT.

For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER REVERSING AND REMANDING - 1

## DISCUSSION

**A.     Clarification of Record and Need for Additional VE Testimony**

Plaintiff contends the Court should remand the case because the ALJ failed to make findings about his sitting and standing limitations. Dkt. 16 at 7. Plaintiff bears the burden of establishing harmful error. However, he presents nothing that establishes he has a sitting and standing limitation the ALJ should have accounted for and did not. His conclusory statement claiming error thus falls far short of establishing the ALJ harmfully erred and the argument accordingly fails.

Plaintiff also contends the ALJ erred by failing to ask the VE to reconcile the conflict between an RFC limiting him to standing and walking four hours, with the ability to perform three light jobs which under the DOT requires the ability to stand or walk for six hours. *Id.* at 7. The record does not support the argument. The ALJ asked the VE to assume a stand/walk limitation of four hours in an eight-hour day. Tr. 116. The VE testified "these are jobs that have – they're performed 50 percent standing, in general, 50 percent standing walking, and 50 percent sitting." Tr. 118-19. The VE thus identified light jobs involving four hours of standing/walking and four hours sitting. This is a sufficient explanation to reconcile the conflict Plaintiff claims, and for the ALJ to conclude Plaintiff could perform the light jobs the VE identified.

**B.     Edwin Malijan, RPT**

The ALJ rejected Mr. Malijan's opinion that Plaintiff is limited to less than sedentary work and incapable of sustaining full-time work on the grounds the opinion is inconsistent with the evidence of record. Tr. 81-82. The ALJ found the record shows Plaintiff exhibits full or near full strength in his upper and lower extremities, has a normal gait and a full range of motion. *Id.*

ORDER REVERSING AND REMANDING - 2

1  Plaintiff correctly argues the ALJ's assessment paints an inaccurate picture of the record and the
2  course of Plaintiff's impairments. As Plaintiff notes, the records the ALJ relied upon predate the
3  worsening of his back pain and need for surgery, and omits records showing problems with range
4  of movement. The ALJ erred as substantial evidence does not support his finding.

5  The ALJ also rejected Mr. Malijan's opinions as inconsistent with Plaintiff's activities
6  such as regular child-care, housework and light chores and mentoring his children's football
7  games. *Id.* However, the record shows he was able to perform these activities in a very limited
8  manner and was often in pain. Substantial evidence does not support the finding Plaintiff's daily
9  activities are on par with a healthier and less limited individual as the ALJ found, and that they
10 therefore contradict Mr. Malijan's opinions. The ALJ accordingly harmfully erred in rejecting
11 Mr. Malijan's opinions.

## CONCLUSION

13 For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is
14 **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) [

15 On remand, the ALJ shall reevaluate Mr. Malijan's opinions, develop the record and
16 redetermine the RFC as needed and proceed to the remaining steps as appropriate.

17 DATED this 23$^h$ day of February 2021.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER REVERSING AND REMANDING - 3